### GALVESTON. HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. D. W. FRY.

Decided January 4, 1905.

**1.—Charge—Favorable to Complainant—Personal Injuries—Burden of Proof.**

An instruction to the jury to return a verdict for plaintiff if they found that he was injured as set forth in the petition, placed an onerous burden upon plaintiff, of which defendant can not complain, it being alleged, in substance, that plaintiff was injured in every member, limb, organ and sense.

**2.—Railway Crossing—Open Gates—Perilous Position—Knowledge—Charge.**

Where defendant had opened the gates at a railway crossing, thereby inviting plaintiff to enter, and knew that he did enter and was on the crossing,

and knew that it had backed its car into his wagon, a charge presenting these issues need not submit the question of defendant's knowledge of the perilous position of plaintiff after it had struck his wagon, attached it to the car and dragged it forward, the law charging it with such knowledge.

### 3.—Personal Injuries—Verdict.

A verdict of $6,000 held not excessive for injuries affecting plaintiff's hip, heart action and blood circulation, such injuries being permanent.

#### ON MOTION FOR REHEARING.

### 4.—Perilous Position—Knowledge.

The fact that defendant kept a gateman at the crossing whose duty it was to know when people were approaching and when they entered on the crossing, and the testimony of an employe that he saw plaintiff at the time the order to move the train was given and that he had started to cross then and that he saw him when the car struck his wagon, were sufficient to show knowledge on the part of defendant that plaintiff was on the track.

### 5.—Rules of Railway—Moving Cars.

Evidence considered and held to establish a rule of the railway requiring an employe to be at the end of a car nearest the street crossing to see that the track was clear before giving the signal to move.

Appeal from the District Court of Bexar. Tried below before Hon. J. L. Camp.

*Baker, Botts, Parker & Garwood* and *Newton & Ward,* for appellant. —The court erred in the charge set forth in the second assignment of error in that it assumed as a matter of law that defendant's servants, when the car was moved forward and dragged plaintiff's vehicle with him in it, knew or should have known of the plaintiff's danger, damages and injuries, whereas there was no evidence in the case which showed that defendant's servants knew that the car had caught in plaintiff's vehicle or knew of his dangerous situation or that they ought to have so known. Texas & P. Ry. Co. v. Overall, 82 Texas, 248; Williams v. G., H. & S. A. Ry. Co., 78 S. W. Rep., 48; De la Vergne R. Mch. Co. v. Stahl, 54 S. W. Rep., 40; International & G. N. Ry. Co. v. Dyer, 76 Texas, 160; Dillingham, Rec'r, v. Parker, 80 Texas, 573; Missouri, K. & T. Ry. Co. v. Rogers, 91 Texas, 55-6.

*Earnest Fellbaum* and *Bertrand & Arnold,* for appellee.

FLY, ASSOCIATE JUSTICE.—This is a suit for damages arising from personal injuries inflicted at a railroad crossing, by pushing a car into the wagon of appellee and then moving forward and dragging same. Appellant answered by general and special exceptions and general denial. The cause was tried by jury and resulted in a verdict and judgment in favor of appellee for the sum of six thousand dollars.

The facts show that appellee was injured at the crossing of appellant's railroad on Burleson Street. At that crossing appellant maintained gates and had an employe to watch the movement of trains and the traveling public and to open the gates when the crossing was clear and close them when a train or locomotive was about to pass. On the day of the injury the gates were opened and appellee and others drove

their vehicles within the gates and on the street crossing. One wagon was immediately in front and another in the rear of appellee's wagon. After the wagons had gone inside the gates and were on the crossing the gates in front were closed and the wagons were necessarily stopped. A passenger coach was standing on the track on which appellee was standing, being only a few feet distant, and appellant saw that it was about to move and he tried to get out of the way but being hemmed in by the other wagon he could not do so and the result was that his wagon was struck by the coach and in some way became attached to it. As soon as the coach struck the wagon it stopped and was then moved in the opposite direction dragging appellee and his horse and wagon with it. It was the duty of appellant's gateman in the tower to keep an outlook so as to protect persons on the track from moving cars. The employes knew that appellee was on the track and knew that his wagon was struck by the car. The rules prescribed by appellant required that a person should be at the end of the car nearest the street to see that the tracks were clear before giving the signal to move the car, but none was on the end of the car in question.

The court charged the jury as follows: "If you believe from the evidence that on or about the 30th day of August, 1902, plaintiff was riding in a one horse wagon or cart, with a horse attached, and proceeded to cross over defendant's railroad tracks at the point where the tracks intersect Burleson Street, and, if you further believe from the evidence that the defendant maintained crossing gates on said Burleson Street crossing, and that the gates on said Burleson Street crossing were opened and raised by defendant; and if you further believe from the evidence that the plaintiff proceeded to cross over defendant's tracks at said Burleson Street crossing, and that, while doing so, if he did so, the defendant moved and backed a car against plaintiff's wagon, and injured him, as alleged in plaintiff's petition, and if you further believe from the evidence that said car came to a stop and then was moved forward, and that plaintiff's vehicle was dragged with plaintiff in it and that plaintiff was thereby injured as alleged in plaintiff's petition, and if you further believe from the evidence that it was negligence on the part of the defendant under all the facts and circumstances in evidence before you, to move said car against plaintiff's wagon, if it did so, and then to move said car forward and drag plaintiff's said vehicle with plaintiff in it, if it did so, and that such negligence, if any, was the direct cause of plaintiff's injuries, if any, and that plaintiff was not guilty of contributory negligence, then your verdict must be for the plaintiff." The charge is claimed to be erroneous because (1) it should not have submitted injuries set forth in the petition which were not proven, (2) because the charge was without evidence or pleading to support it and was merely abstract, (3) because it submitted other and different grounds of negligence from those alleged in the petition, (4) because the court omitted to submit the question of appellant's knowledge of the danger in which appellee was to the jury and assumed such knowledge, and (5) because there was no evidence that the gates were opened and raised by appellant, and the charge

assumed that such opening and raising was negligence. None of these objections is well taken.

Requiring the jury to find for appellee if they found he was injured · as set forth in the petition was an onerous burden placed upon appellee of which appellant should not complain, for in the petition it was alleged in substance that every member, limb, organ and sense was injured by the collision, and if appellee was compelled to prove everyone of them before he could recover he was required to do something not contemplated by the law.

The allegation that appellant knew, or should have known, of the perilous position of appellee on the crossing after it had struck his wagon and attached it to the car, was unnecessary ·and immaterial. The law charged appellant with that knowledge. It had opened its gates at a street crossing thereby inviting appellee to enter, it knew that he did enter and was on the crossing, it knew that it backed its car into the crossing and struck appellee's wagon and it was liable for all injuries growing out of such collision whether it knew it had fastened its car to the wagon or not. If the doctrine should be sustained that railroad companies should not be liable for injuries to persons at street crossings unless they knew of the peril, license would be given to always be ignorant of such peril. If there had been error in failing to charge as to appellant's knowledge, it was one of omission and should have been cured by a charge requested by appellant.

The charge fairly presented the issues, made by pleadings and evidence, and is not open to the criticism that it presented issues not made by pleadings and evidence. It was alleged and proved that the gates were raised and an implied invitation conveyed to all persons, desiring to cross to do so. It was not assumed that the gates were opened and raised although it might have been done, as the uncontroverted evidence proved that fact. There was no assumption that raising and opening the gates was negligence. The liability of appellant is made to turn on its negligence in striking and dragging the wagon.

It was shown by the evidence of appellee, and was not contradicted by appellant, that appellee had been injured in his right hip joint or in the junction of the hip bone with the back bone, that his heart was dilated and diseased, that he had palpitation of the heart accompanied with a very rapid pulse, that his circulation was bad and that the injuries were permanent. They were shown to have followed the accident at the street crossing. It was also shown that appellee had suffered great pain and that his ability to labor had been decreased. The verdict can not therefore be held to be excessive.

The assignment of error not discussed are disposed of by our conclusions of fact.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

It is contended by appellant that there was no evidence that its employes knew appellee was on the track. The employes knew that the gate had been raised and must have known that people entered and

that the gates had been closed before they could get out. The gateman was there to know just such matters. Furthermore, J. H. Lyons, an employe of appellant, swore that he saw appellee when the car struck his wagon and saw the wagon dragged. He must have seen him before the wagon was struck, because he swore that he saw him at the time the order to move the train was given and that he had started across Burleson Street.

It is also contended that there is no evidence in the record upon which to base the conclusion that the rules of appellant required that an employe should be at the end of the car nearest the street to see that the track was clear before giving the signal to move. Sieckemins, the engineer on the switch engine, was a witness for appellant and testified that the general rule was to have some one at the back of the car that is being backed, and he was asked if it was not required that this person should go back and see that the track was clear before giving orders to the engineer to back the car on the street. He answered: "I think there is an order in the book of rules to that effect; something of that kind, see everything is clear before you pull ahead." Appellant then asked the witness if it was necessary to have a switchman on a car that was standing still and that was about to be struck and he answered that it was. Then on cross-examination appellee said: "I want to know whether it was his business to go to the end of the car nearest to the street, and before giving you the signal to see that things were clear there?" He answered: "He is to see that everything is clear before he gives the signal to go ahead; I think the book of rules covers that." The signal to move the car was given in this instance although the switchman saw appellee crossing the street in a few feet of the car. The motion for rehearing is overruled.

*Overruled.*

Writ of error refused.