HOUSTON & TEXAS CENTRAL RAILROAD COMPANY v. JERRY EASTON.

Decided October 31, 1906.

**1.—Concurring Acts of Negligence—Pleading—Proof.**

Where plaintiff alleges conjunctively two or more acts of negligence proximately causing his injuries he is entitled to recover upon proof of either, if shown to be the efficient cause of the injuries.

**2.—Relation of Carrier and Passenger—Reasonable Time to Alight.**

The relation of carrier and passenger does not cease to exist until the train is stopped at the passenger's destination a length of time reasonably sufficient to enable the passenger to alight with safety.

**3.—Charge—Construction.**

The charge of the court and the special charges given at the request of either party should be taken and construed as a whole.

**4.—Carrier and Passenger—Termination of Relation.**

It is a well established principle of law that, when a passenger train has stopped for a reasonable length of time at a passenger's destination, and notice has been given such passenger, and a reasonable opportunity afforded him of leaving the train, the relation of carrier and passenger is thereby terminated, and thereafter the carrier only owes him the duty of ordinary care.

**5.—Negligence Vel Non—Question of Fact.**

Where the evidence showed that the plaintiff, upon arrival of the train at his destination, attempted to leave the train by the door through which he had entered, and, finding it locked, turned about and made his exit through the other door, thereby being delayed in alighting, whether or not plaintiff was guilty of negligence was a question of fact, and was properly submitted to the jury.

Appeal from the District Court of Brazos County. Tried below before Hon. J. C. Scott.

*Andrews, Ball & Streetman* and *Robert Armstrong,* for appellant.— In support of the first, second and third assignments of error, cited:

Texas & Pac. Ry. Co. v. Woods, 28 S. W. Rep., 416; Central Texas N. W. Ry. Co. v. Hoard, 49 S. W. Rep., 142; Missouri, K. & T. Ry. Co. v. Perry, 27 S. W. Rep., 496; Baker v. Ashe, 80 Texas, 356; Burnett v. Lambach, 39 S. W. Rep., 1015; Edwards v. Dickson, 66 Texas, 615.

In support of the fourth assignment, cited: Southern Const. Co. v. Hinkle, 13 Texas Ct. Rep., 831; Missouri, K. & T. Ry. v. Rogers, 91 Texas, 52; Missouri, K. & T. Ry. v. McGlamory, 89 Texas, 685; Gulf, C. & S. F. Ry. v. Shieder, 88 Texas, 152.

In support of fifth assignment, cited: Southern Const. Co. v. Hinkle, 13 Texas Ct. Rep., 831; Missouri, K. & T. Ry. v. Rogers, 91 Texas, 52; Missouri, K. & T. Ry. v. McGlamory, 89 Texas, 685; Gulf, C. & S. F. Ry. v. Shieder, 88 Texas, 152.

*V. B. Hudson* and *Henderson & Ford,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by appellee against appellant to recover damages for injuries alleged to have been inflicted on plaintiff by defendant's negligence. The defendant answered by a general denial and a plea of contributory negligence. The trial resulted in a verdict and judgment in favor of the plaintiff for $1,050.

*Conclusion of Fact.*—The evidence is reasonably sufficient to show that while plaintiff was a passenger on one of defendant's trains he was injured, through the acts charged in his petition, by the defendant; that it was guilty of negligence towards him in committing said acts; that such negligence was the proximate cause of his injuries; that he was not guilty of contributory negligence as alleged in defendant's answer; and that by reason of such negligence of defendant he sustained physical injuries by which he was damaged to the amount found by the jury.

The acts of negligence alleged by plaintiff, and the allegations of contributory negligence, as well as the evidence upon which the foregoing conclusions are based, will appear more definitely in our consideration of the assignments of error.

*Conclusions of Law.*—The first, second and third assignments have relation to the same questions, and are grouped in appellant's brief and asked to be considered together. They are directed against the second and fifth paragraphs of the charge, which are as follows:

"2. You are charged that railroad companies engaged in the transportation of passengers are held to that high degree of care which very prudent persons would use under the same or similar circumstances, and a failure in this respect would be negligence on the part of the company.

"5. If you believe from the evidence that defendant through its agents and servants failed to stop the train upon which plaintiff was a passenger at College Station a reasonably sufficient time for plaintiff to alight, or if you believe from the evidence that as plaintiff was attempting to alight from said train that the speed of said train was suddenly increased and that thereby plaintiff was thrown from said train and injured, and you believe that said failure to stop a reasonably

sufficient time for plaintiff to alight (if it did so fail) was negligence on the part of defendant, or if you believe the sudden increase of speed (if it did so increase) was negligence on the part of defendant and that said act or either of them was the direct and proximate cause of plaintiff being injured (if he was injured) you will find for the plaintiff unless you find for the defendant under other charges herein given you."

As is indicated by the paragraph last quoted, the negligence alleged by plaintiff was the failure of defendant to stop the train upon which he was a passenger, at College Station a sufficient length of time to permit him to alight therefrom; and, while he was attempting to alight, in so suddenly increasing the speed of the train that he was thereby thrown violently to the ground. There is no room for controversy about the facts; that plaintiff was a passenger on one of defendant's trains; that his destination was College Station; that, in attempting to alight when the train arrived there, he was thrown therefrom and injured. The negligence charged by plaintiff and the contributory negligence set up as a defense, being the only issues in the case.

Appellant's brief presents five propositions under these assignments. By the first it is claimed that it was error to submit as a separate ground of recovery the negligence of defendant in suddenly increasing the speed of the train; for the reason that, under the pleadings and evidence, plaintiff was not entitled to recover on such ground independently of defendant's failure to stop the train a reasonable length of time. It is generally held that where a plaintiff alleges, though conjunctively, two or more grounds of negligence proximately causing his injuries he is entitled to recover upon the proof of either, if shown to be the efficient cause of the injuries complained of. (Galveston, H. & S. A. Ry. Co. v. Pitts, 42 S. W. Rep., 255.) Where two or more acts of negligence proximately contribute to produce an injury each is sufficient within itself to support a cause of action for the recovery of the entire damage resulting; and it logically follows that a plaintiff who pleads all of such acts of negligence is entitled to recover upon proof of any one of them. (Dutro v. Metropolitan St. Ry. Co., 86 S. W. Rep. (Mo.), 916.) If therefore the defendant either negligently failed to stop the train a reasonable length of time, or suddenly increased its speed when plaintiff was attempting to alight, and one or the other or both of such acts of negligence proximately contributed to his injury, he was entitled under the law to recover.

The second proposition is that the court erred in that portion of the fifth paragraph of the charge which submitted as a separate ground of recovery the negligence of the defendant in suddenly increasing the speed of the train, because it, when taken in connection with the second paragraph, imposed upon defendant that high degree of care due from a common carrier to a passenger, although the jury may have found the relation of carrier and passenger had terminated. The relation between the parties of carrier and passenger, certainly did not cease unless the train was stopped at College Station a reasonably sufficient time to enable plaintiff to alight therefrom. Until such time was given, the defendant was due plaintiff that character of care stated in the second paragraph of the charge. The issue as to whether the defendant stopped

the train a reasonable length of time to enable plaintiff to alight therefrom was presented to the jury by a special charge, given at defendant's request, and the jury directed to return a verdict for defendant if it found on such issue in the affirmative. In view of the rule that in determining the correctness of a charge it should be taken and construed as a whole, it is apparent that the portion of the charge under consideration is not open to the criticism advanced by the proposition. As the jury was required to find for the defendant if it stopped the train a reasonable length of time to enable the plaintiff to alight with safety, it follows that a verdict could not have been found upon negligence of defendant in suddenly starting the train, unless such act occurred before plaintiff had been given a reasonable time to alight. Therefore, if the jury found that plaintiff was injured by the negligence of defendant in suddenly starting the train, it follows that such injury was inflicted before he had been given a reasonable time to alight; and that, consequently, when the act of negligence which caused his injury was committed he was a passenger, to whom defendant owed that high degree of care declared by the second paragraph of the charge.

The third proposition simply enunciates a well established principle of law which is recognized and applied by the charge complained of to the issues involved in this case.

The fourth proposition under these assignments, raises substantially the same complaint against the charge that is made in the second, and what we have said in disposing of that proposition disposes of the fourth.

There is no conflict between the part of the court's charge quoted and special charge number one given at defendant's request, as complained of in the fifth proposition. The fifth paragraph of the general charge and such special charge referred to are not only consistent, but, when taken and construed together, enunciate the law applicable to the case, if not correctly, too favorably to the defendant. Therefore, we overrule appellant's first, second and third assignments of error.

The fourth assignment complains that the court erred in refusing defendant's request to give the following special charge: "In this case, you are instructed that if you believe that the plaintiff would have been able to leave the train safely, and without injury, if he had gone through the north, or rear door of said train, and if you believe that it was not customary to have said door fastened, and that defendant's employes did not know said door was fastened, and you believe they waited a reasonably sufficient time to have enabled plaintiff to have left said train if said door had not been fastened, and that they then started said train, not knowing that there were any other passengers to leave said train, then, in such case, you will return a verdict for the defendant;" and the fifth, that it erred in refusing to give this special charge: "In this case you are instructed that if you believe, from the evidence, that the north, or rear door of the car in which plaintiff was riding was not fastened, although plaintiff may have believed the same was fastened, and you believe that said train was stopped at College Station long enough to have been reasonably sufficient, under ordinary circumstances, to allow the plaintiff to leave said train, and that his failure to leave said train before the train was started was caused by his belief that said

door was fastened, then, if you so believe, you will find for the defend-
ant."

Before considering these assignments, we will make a brief state-
ment of the pleadings and evidence pertinent to them. In its plea of
contributory negligence defendant alleged: That the train stopped at
College Station a reasonable length of time to allow passengers to dis-
embark, and that if plaintiff had used ordinary care and diligence to
leave the train, he could have got off before it was set in motion; but
that, instead of promptly leaving, he first went to one end of the car
and then to the other, consuming unnecessary time, wherefore he was
negligent in failing to attempt to leave the train until it started off.

Plaintiff was an old negro and riding in the coach provided for his
people. His testimony regarding his effort to disembark is as follows:
"When we got to College they called the station, I gets up and starts
out and goes back to the north door, the door I came in at. I thought
I could get off right there, but the door was bolted or something. Josh,
he was right behind me and I says we can't get out of that door. When
we couldn't open the door, we wheeled right back and went through
that car and Josh got off first, and when I got off first she was moving
along just a little, and somehow or other she gives a jerk and I fell
right off on my face and hit my face against the ground."

"Josh" testified that they couldn't get out of that car on account of
the door being fastened; that they then turned back and when they got
to the front end of the train they stepped off; that the train was then
moving slowly and he got off without any difficulty, and that when
"Jerry" got to the first, or maybe the last step, "he kinder fell straight
out."

The door these negroes tried to open first was the one nearest them
and the one through which they entered the train. The defendant's
testimony tends to show that it was never customary to lock this door,
and that there was no occasion to lock it at the time in question.

The special charge referred to in the fourth assignment was properly
refused because it requires a verdict for defendant in the event the
jury should find, in connection with other facts, that it was not custom-
ary to have the north, or rear door of the train fastened and defendant's
employes did not know it was fastened, leaving entirely out of view the
question of whether it was fastened or not. Nothing is more usual or
natural than for a passenger to attempt to leave a car by way of the
door through which he entered, especially if the one nearest to him,
unless he knows it was customary to keep it fastened and for passengers
to make their exit through the other door. And yet, in face of the fact
that the only direct evidence on the question shows that the north or
rear door of the car was fastened, the charge requested makes plaintiff
guilty of negligence as a matter of law, if in connection with other facts
submitted by it, the jury should find that it was not customary to have
the door fastened and defendant's employes did not know it was fastened.

The special charge referred to in the fifth assignment is objectionable,
in that it makes plaintiff's mistaken belief that the door was open, if
found by the jury, such negligence as precludes his recovery, instead
of submitting the issue of such negligence to the jury.

This special charge: "In this case you are instructed that it was

the duty of the plaintiff Jerry Easton, while a passenger on defendant's train to use ordinary care for his own safety. So if you believe from the evidence that the plaintiff Jerry Easton in attempting to leave said train failed to use ordinary care to see whether the rear or north door of said car was fastened, and in first going back to said door and then returning to the front end of said coach, and in attempting to leave said train while the same was in motion, or in the manner in which he attempted to go down the steps and leave said train, and you believe that a person of ordinary care would not have acted in the same manner that said Easton acted in any or all of the particulars above mentioned, and you believe that the failure of the said Easton to use ordinary care in any or all of the particulars above mentioned proximately caused or contributed to cause his injuries, then such failure on his part to use ordinary care would amount to contributory negligence, and if you so believe, you will return a verdict for the defendant, although you may believe from the evidence that the defendant railroad company was also guilty of negligence," given at the request of defendant's counsel, presents the law pertaining to the issue of contributory negligence arising from the evidence fully and clearly. The judgment is affirmed.

*Affirmed.*

Writ of error refused.