[No. 10102.   Department One.   April 8, 1912.]

WILLIAM J. ELLIOTT, *Respondent*, v. SEATTLE, RENTON & SOUTHERN RAILWAY COMPANY, *Appellant*.[1]

APPEAL—REVIEW—VERDICT. A verdict upon conflicting evidence establishes the facts, although the appellate court may think the opposite view better sustained by the evidence.

CARRIERS—INJURIES TO PASSENGERS—STREET CARS—COMPLAINT. A complaint for injuries sustained by a passenger on an overcrowded street car states a cause of action, where it alleges as one of the causes of the accident the negligent running of another car in the opposite direction on an adjoining track without giving any warning or signal of its approach.

SAME—NEGLIGENCE—FAILURE TO MAINTAIN GATES—EVIDENCE—SUFFICIENCY. A carrier is chargeable with negligence rendering it liable to a passenger struck by a car on another track while alighting from the wrong side of the car, after some unknown person had opened the gate on that side, where a city ordinance required it to equip its cars with gates so as to make it impossible for passengers to enter or alight on that side, the car in question was so crowded that it was impossible for the safeguards to be under the eye of the conductor, and the car on the opposite track approached at a dangerous rate of speed without warning or signal of its approach.

SAME—CONTRIBUTORY NEGLIGENCE—RIDING ON PLATFORM. The contributory negligence of a passenger in riding on the platform of a street car when he might have ridden inside, is immaterial where he was injured in alighting.

SAME — CONTRIBUTORY NEGLIGENCE — ALIGHTING — QUESTION FOR JURY. The contributory negligence of a passenger in attempting to alight on the wrong or left side of the car is for the jury, where a car with seating capacity for 40 persons, was crowded with 125 passengers, and the plaintiff testified that the right entrance was so crowded that he could not reach it.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered September 1, 1911, upon the verdict of a jury rendered in favor of the plaintiff, in an action for injuries sustained by a passenger on a street car. Affirmed.

[1]Reported in 122 Pac. 614.

*Will H. Thompson* and *Morris B. Sachs,* for appellant.
*Frank E. Green,* for respondent.

CHADWICK, J.—This action was brought to recover damages for personal injuries.  The plaintiff was a passenger upon an inbound car of the defendant company, which operates a street car line between Renton and Seattle.  A part of the way the track is single, but from Hillman City into Seattle there is a double track.  When running over the single track, both sides of. the back platform are kept open.  In running over the double track, the left side or the one next to the double track is closed.  This was accomplished by means of a collapsible iron gate, which was fastened by a catch and bolt.

On. the morning of the accident, the testimony shows to a certainty that the conductor closed and fastened the gate at Hillman City.  When plaintiff boarded the car, all of the seats were taken, and he took a position on the back platform, standing near the handle of a wheel brake on the left side.  The car was one that was due to arrive in Seattle about nine o'clock; but before arriving at Ninth street, it had become so crowded that the passengers were standing on the platform and in an alcove at the end of the car, so that they were, in the language of a witness, "chest to chest; back to chest."  The testimony shows that, while the seating capacity of the car was about forty, there were approximately 125 passengers on the car.  The testimony of the plaintiff tends to show that, as the car approached Ninth street, where plaintiff and others who were regular patrons of the company were accustomed to alight, he crowded his way toward the left side of the car, intending to get off on the side next to the opposite track; that, as he was about to catch the hand rail or handles at the side of the entrance, the brakes were set in such a way that the car lurched or jerked, so that. all of those standing swayed with the car; that plaintiff was thrown off his balance, and in attempting to save himself, caught the

grab at his right with both hands.    The momentum of the car threw him around so that he was facing the entrance; that at this moment a car on the opposite track, going about twenty miles an hour, with no bell sounding, was approaching; that he could not save himself, and was struck by the grab handle of the opposite car, and received the injury of which he now complains.

The testimony of the defendant tends to show that plaintiff, who made the trip six days in every week, deliberately, and to suit his own convenience, started to get off the car on the off side; that he backed down the steps, holding the handle on either side of the entrance; that he threw his head back beyond the nineteen inches of clearance between the cars; that he was unmindful of his own safety as well as of the fact that the double track was a token of danger; and that, if the gate was open, it was opened by plaintiff, or if not by him, by another; in any event, that it was opened without the knowledge or consent of the conductor who, because of the crowded condition of the car, was riding on one of the steps at the right entrance and could not see the gate on the other side.    We confess that, in the light of the record, the defense seems to have been the better sustained.    But as this court has so often announced, the facts are for the jury, and it having accepted the case of plaintiff as true and rejected the testimony of the defendant, the judgment must be affirmed, unless the law as applied to the facts as found by the jury intervenes.

It is first urged that the complaint does not state a cause of action.    It is said that this must be so unless it be the law that mere negligence in allowing the car to become overcrowded, and to be carrying an excessive number of passengers, is in itself actionable merely because the passengers in moving about push or crowd one of their number off the car; and unless it is shown that the action of the passengers was such that it was apparent to the employees in charge of the car that their action was endangering the passenger.    This

may be true, but it occurs to us that defendant has over-looked an important element in the case, if indeed it be not the proximate cause of the injury.   It is alleged that the accident occurred "also on account of defendant's negligence and care-lessness in running another car in the opposite direction on the adjoining street car track, . . . at a high and dangerous rate of speed, without giving any signal, sign or warning of the approach thereof."   We think a cause of action is stated.

It is next urged that there is no proof of actionable negli-gence.   The only question which occurs on this assignment is whether the defendant performed its whole duty when the conductor closed the gate at Hillman City, and is not to be charged because plaintiff or some one else opened it before the accident occurred.   We are bound to assume, for the jury has so found, that plaintiff did not open the gate.   This being so, it would follow that, if the gate was opened by an-other, the company would be liable to a passenger who was innocent of offense.   Being charged with a high degree of care, it is bound to so operate its safeguards that, when they are not for any reason under the eye of the conductor, a third person cannot undo, to the prejudice of another, the precautions which have been taken, and which the law imposes for the safety of passengers.   It will be remembered that the crowd was such on this car that the conductor could not see the gate.   An ordinance of the city was introduced by de-fendant, and by its terms the duty is put upon street car companies operating double track systems to equip their cars "with gates or guards upon that side of such platform of each of said cars which is next to the track of said line other than the one upon which said cars are being run or operated, which gates or guards shall so enclose the platform of said car that it will be impossible for passengers to enter such cars or alight therefrom upon the side of said platform so fur-nished or provided with gates and guards."   This ordinance, the fact that the accident occurred, and the fact that the plaintiff did not open the gate, are enough to sustain the find-

ing of negligence. Such ordinances (and it may be questioned whether they do more than affirm a general rule) are intended to protect the absent-minded from their inattention, the careless from their want of care, and the foolish from their folly; and if, in spite of such precaution, one of these opens the gate, the fact that it had once been closed would not bar an action by one who was not responsible for the condition existing at the time the accident actually occurred. Defendant has cited many cases to sustain its position, but we do not conceive them to be in point. They could only be held applicable if we assume that plaintiff was guilty of contributory negligence, or that he opened the gate. This we have no power to do.

It is finally urged that the testimony shows that plaintiff was guilty of contributory negligence as a matter of law. The question is whether plaintiff should have taken his place standing inside the car or on the platform. Under the admitted facts, he was making his way out and was in the act of getting on the step at the time he was hurt. The fact that he might have ridden in the car instead of on the platform thus becomes immaterial. Whether plaintiff should have gone to the right entrance instead of to the left, is also a question for the jury, for his testimony is that the way was so crowded that he could not get to the right entrance. To hold plaintiff guilty of contributory negligence under the testimony in this case would be to hold that the mere act of a passenger in alighting from a crowded car on the off side is contributory negligence as a matter of law. The law will not sustain us in so holding.

Finding no error, the judgment is affirmed.

DUNBAR, C. J., GOSE, CROW, and PARKER, JJ., concur.