## DALLAS CONSOL. ELECTRIC ST. RY. CO. v. STONE. (No. 7,136.)

(Court of Civil Appeals of Texas. Dallas. April 18, 1914. Rehearing Denied May 9, 1914.)

1. CARRIERS (§ 320*)—INJURIES TO PASSENGERS—NEGLIGENCE—QUESTION FOR JURY.

Whether a street railway company, maintaining exit doors on its cars, was negligent in permitting the door of a car to remain open while a passenger on a crowded car attempted to reach the vestibule and notify the conductor of her desire to alight, causing her to be thrown from the car running on a curve, held under the evidence for the jury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1118, 1126, 1149, 1153, 1160, 1167, 1179, 1190, 1217, 1233, 1244, 1248, 1315–1325; Dec. Dig. § 320.*]

2. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

A charge, "This is a suit by [plaintiff against defendant] to recover damages alleged in plaintiff's petition to have resulted * * * by reason of being thrown from one of defendant's street cars, the fall alleged to have been caused by the negligence of the conductor," merely calls attention in a brief way to plaintiff's cause of action and is not on the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

3. TRIAL (§ 296*)—INSTRUCTIONS—ISSUES.

Where the court covered the defense in its charge, a charge calling attention in a brief way to the cause of action, without referring to the defense, was not prejudicial.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

4. CARRIERS (§ 321*)—INJURIES TO PASSENGERS—EVIDENCE—INSTRUCTIONS.

Where, in an action for injuries to a street car passenger thrown from the car running on a curve, the evidence showed that to notify the conductor to stop it was necessary for the passenger to make her way through the crowd to near the doorway leading from the car into the vestibule, that the exit door was open, and, if the door had been closed, the accident would not have occurred, and that the conductor knew of the passenger's position, a charge which enumerated the facts and stated that, if the conductor was negligent in permitting the door to be open, a finding for the passenger was authorized properly submitted the issue of the negligence of the conductor.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1247, 1326–1336, 1343; Dec. Dig. § 321.*]

5. APPEAL AND ERROR (§ 1033*)—REVIEW—INSTRUCTIONS—OBJECTIONS.

Where the facts pleaded and proved, on which plaintiff relied for a recovery, were grouped in a charge submitting the issues, defendant could not complain because it was not necessary for plaintiff to prove all the facts pleaded to obtain a verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. § 1033.*]

6. CARRIERS (§ 317*)—INJURIES TO STREET CAR PASSENGERS—EVIDENCE—ADMISSIBILITY.

Where, in an action for injuries to a street car passenger falling from the car running on a curve, the conductor contradicted the testimony of plaintiff as to the crowded condition of the car, and stated that plaintiff deliberately walked to the car door to step off and then fell, the testimony of plaintiff that she never at any time got off the car at the place of the accident was admissible to show that she did not attempt to alight at the time of the accident and to show that the conductor was testifying about some other person.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1295, 1297–1305; Dec. Dig. § 317.*]

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by Lola Bell Stone against the Dallas Consolidated Electric Street Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Thompson, Knight, Baker & Harris, of Dallas, for appellant. Wood & Wood, of Dallas, for appellee.

RAINEY, C. J. Lola Bell Stone, while traveling as a passenger on one of appellant's street cars when turning a curve, was thrown

through an open door to the street and injured. This suit was instituted to recover damages for such injuries. She recovered judgment, and the street car company appeals.

The evidence adduced warrants the following conclusions of fact, as stated by appellee, viz.:

"First. That, when plaintiff entered the car, all the seats were occupied, and the standing room in the car was so crowded with standing passengers that plaintiff was compelled to stand at a place where she could get nothing to hold to or sustain herself.

"Second. That plaintiff, while standing a few feet from the rear door of the car, without any brace or support, desiring to get off at the next stopping place, could not reach the signal on the side of the car, by reason of the crowded condition of the car, and, in order to notify the conductor to stop the car at the next stopping place, she made her way through the standing crowd, a few feet to the edge of the doorway leading out of the body of the car into the vestibule, and told the conductor, who saw her there and who was standing in the vestibule, that she desired to get off at next stop.

"Third. That the vestibule of the car is one that closes, and that it has two doors, an entrance door and exit door, both of which could be closed, but both of them were open at the time the plaintiff stationed herself in the doorway of the open door of the body of the car to inform the conductor that she desired to get off at the next stop.

"Fourth. That the car was running at least at an ordinary speed, and, while the plaintiff was in the said doorway of the body of the car, the car entered a sharp curve, and, by reason of the swing of the car, she was thrown out into the street through the open exit door and injured.

"Fifth. That, if the exit door of the vestibule had been closed, the accident would not have occurred.

"Sixth. That the conductor knew of plaintiff's position in the doorway, caused by the crowded condition of the car, and knew that the car was approaching a curve, and knew that the exit door, within a few feet of plaintiff, was open, and that she might fall through it when the car should reach the curve.

"Seventh. That the car was then in the middle of the block and running, and no necessity for the door to be open.

"Eighth. That plaintiff was not at fault in occupying the exposed position of which the conductor was aware."

Appellant complains of the refusal of the requested charge, which reads: "You are instructed that the plaintiff has failed to establish any negligence against the defendant, alleged by them to exist, and you are therefore instructed to return your verdict for the defendant."

The contention is that the evidence fails to establish any actionable negligence on the part of defendant; therefore it was the duty of the court to instruct the jury to return a verdict in its favor.

[1] We do not concur in the contention of appellant. The negligence relied on by appellee is the leaving of the car door open under the circumstances. When appellee took passage, all the seats were taken, and she was compelled to stand; the car being crowded. When near the point of her destination, not being able to reach a signal button to indicate her intention of leaving the car, she crowded back to the rear of the car to inform the conductor of her desire to alight, taking her position near the door in readiness to alight, the car running rapidly on a curve, and she was thrown through the open door of the car to the street. Had the door been shut, it is clear that appellee would not have been thrown from the car and injured. While the appellant had the right to keep the car door open, we think it was a question for the jury to say under the evidence whether the permitting the door to remain open was the exercise of that degree of care which relieved it from negligence. Railway v. Morris, 60 S. W. 813; Railway Co. v. Williams, 20 Tex. Civ. App. 591, 50 S. W. 737; Railway Co. v. Glover, 92 Ga. 132, 18 S. E. 406; Elliott v. Railway Co., 68 Wash. 129, 122 Pac. 614, 39 L. R. A. (N. S.) 608; Hanson v. Railway Co., 64 N. J. Law, 686, 46 Atl. 718.

In the case of Railway Co. v. Glover, supra, it was said: "There may be no negligence whatever in failing to have gates [on a street car]. * * * But, when a company has provided gates, due diligence might require the company to use them, and failure to use them might be negligence in the given instance. Whether it would be or not is a question for the jury."

Again it is said in the case of Elliott v. Railway Co., supra, which was an action by a passenger on a street car, one of the grounds of negligence being that the gate at the rear end of the car was open, and he fell out and was injured. There was a city ordinance requiring the gates to be kept closed when the car was in motion. The court said: "This ordinance, the fact that the accident occurred, and the fact that plaintiff did not open the gate are enough to sustain the finding of negligence. Such ordinances (and it may be questioned whether they do more than affirm a general rule)" were "to protect" passengers.

Again it is said in Hanson v. Railway Co., supra: "If common carriers are to be allowed to cram their cars with passengers, to their own profit and to the discomfort of the public, they should be held all the more to a strict and active responsibility to use due care to secure safe entrances and exits. Otherwise the obligation of a plain duty will be weakened by * * * their own creation."

[2, 3] Appellant's fourth assignment of error is: "The court erred in the following paragraph of his charge to the jury: 'This is a suit by Lola Bell Stone, by her father, G. W. Stone, as her next best friend, against the Dallas Consolidated Electric Street Railway Company, to recover damages, alleged in plaintiff's petition to have resulted to Lola Bell Stone, by reason of being thrown from one of defendant's street cars; the fall alleged to have been caused by the negligence of the conductor in charge of the car.'" The criticism of this charge is: That it set out the claims and allegations of plaintiff's pleading, and those of defendant are ignored, and that it is upon the weight of the evidence and calculated to impress the jury with the importance of plaintiff's case. We consider the criticism to this part of the charge without merit. The charge does not pretend to set out the pleadings in full, nor does it emphasize any part thereof, but merely calls attention in a short way to plaintiff's cause of action. It is not upon the weight of the evidence, nor could defendant have possibly been prejudiced by the omission to recite its pleas, as its defense was contributory negligence. The court fully covered that defense in its charge.

[4] The appellant complains of the following paragraph of the charge, viz.: "You are instructed that if you believe from the evidence that on or about the 24th day of February, A. D. 1912, the plaintiff, Lola Bell Stone, boarded one of the defendant's cars, known as an Ervay car, at or near the intersection of Ervay and Commerce streets in the city of Dallas, to go to Hughes Bros.' Manufacturing Company on South Ervay street, and further believe that when she boarded said car it was filled with passengers and they were crowded, and that she was unable to get a seat, and she was compelled to stand, and passengers were standing on either side of her, so that she was unable to catch hold of either side of the car, or brace herself against anything, and further believe that the conductor of said car was in the vestibule of the rear end of the car, and further believe that the car door in the rear end of the body of the car was open, and that the exit door of the vestibule was open, and that the conductor knew both doors were open, or by the use of ordinary care would have known they were open, and further believe that, when the car was nearing the street or place at which Lola Bell Stone desired to get off, she could not reach the side of the car so as to ring the signal, because of many passengers standing in the car, and that she stepped back a short distance and told the conductor she desired to get off at the next stop, and just at that time, or a few seconds thereafter, the car turned on a curve, and that Lola Bell Stone was thereby thrown out of the car onto the ground, and thereby injured as alleged in plaintiff's petition, and further believe that the conductor was guilty of negligence in permitting the doors to be open under the circumstances, you should find for the plaintiff, unless you find for the defendant under some other instruction given you by the court." The main contention is: "Where the only issue of negligence (if any) presented by the pleading and proof was the act of the defendant's conductor in leaving the doors of its car open, the plaintiff was not entitled to recover in any event unless the jury had found that the leaving of the doors open was negligence, and was the proximate cause of the injuries sustained, and the court therefore erred in permitting a recovery in behalf of the plaintiff upon the finding that other immaterial and irrelevant facts and conditions caused and brought about the accident and, injuries of which plaintiff complains." We think the charge correct. The leaving of the door of the car open was not per se negligence. Whether or not it was negligence depended upon the proof of certain facts in this instance, such as the court enumerated in its charge. It particularly charges the jury that if "the conductor was guilty of negligence in permitting the door to be open under the circumstances," to find for plaintiff. Compress Co. v. Davidson, 35 Tex. Civ. App. 558, 80 S. W. 1032.

[5] It groups the facts pleaded and proved upon which plaintiff relied for a recovery, and, if any of them were not necessary, it placed a greater burden upon plaintiff than was required, and defendant has no cause of complaint.

[6] The sixth assignment of error is: "The court erred in permitting the plaintiff, Lola Bell Stone, to testify over defendant's objection, timely interposed, that she never at any time got off the car at the place where she fell on the occasion of the accident of which she complains."

The evidence here complained of was admissible to show that plaintiff did not get off or attempt to alight from the car at the place on purpose. This testimony was introduced after the conductor had testified, contradicting appellee as to the car being crowded, to there being seats for all passengers, to appellee having deliberately walked to the car door, and to stepping off on the ground and then falling. The evidence was also admissible as a circumstance to show that the conductor had in mind a different occasion, and that he was testifying about some lady other than appellee.

The assignments relating to the argument of appellee's counsel to the jury present no reversible error. They are of such a nature that the effect on the jury would not have produced a verdict other than the one returned.

The judgment is affirmed.