GALVESTON, H. & S. A. RY. CO. v. WATTS.*
(No. 5519)

(Court of Civil Appeals of Texas. San Antonio. Jan. 5, 1916. Rehearing Denied Feb. 2, 1916.)

1. CARRIERS ⌖315—INJURY TO PASSENGER—PLEADING—RECOVERY.

Where, in an action for injuries to a passenger from falling on the steps while she was leaving the station, plaintiff alleges conjunctively several grounds of negligence which she charges proximately caused, or concurred in causing, her injuries, she is entitled to recover on proof of either, if shown to be the efficient sole cause, or concurring cause, of her injuries.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1270, 1281, 1282; Dec. Dig. ⌖315.]

2. TRIAL ⌖29 — SUBMISSION OF ISSUES — WEIGHT OF EVIDENCE—INTIMATION OF OPINION.

In a negligence case, wherein plaintiff alleges conjunctively several grounds of negligence causing her injuries, the action of the court in determining that certain of the grounds are so supported by evidence as to authorize

⌖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.

their submission to the jury is not objectionable as an intimation of opinion on the weight to be given the grounds submitted.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 80–83, 508; Dec. Dig. ☞29.]

3. APPEAL AND ERROR ☞1062 — HARMLESS ERROR — SUBMISSION OF ISSUES — NEGLIGENCE.

In a case involving several separate grounds of negligence, on any one of which recovery can be had if sustained by the evidence, the submission of one or more alleged grounds, not supported by evidence, in conjunction with those sufficiently supported, does not require a reversal, where the real issue is not thereby obscured and the jury not thereby induced to believe that the court thinks there is evidence of many wrongful acts of defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4212–4218; Dec. Dig. ☞1062.]

4. APPEAL AND ERROR ☞882—INVITED ERROR—INSTRUCTION.

Where, in an action for injuries to a passenger from falling on the steps while she was leaving the station, defendant requested the court to give a special charge, submitting all of the several issues pleaded by plaintiff in the conjunctive, especially directing their attention to the necessity of finding the existence of each act, that each act constituted negligence, and that each and all concurred in bringing about plaintiff's fall, and that but for each and all of them combined her fall and injury would not have occurred, it could not complain that the court in its general charge, adopted the theory of such special instruction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. ☞882.]

5. TRIAL ☞133 — ARGUMENT OF COUNSEL — ACTION OF COURT.

Statements of counsel for plaintiff in the opening and closing arguments, apparently made to impress the jury with the idea that the general charge was of the same effect as a special charge asked, and would be a safer guide than the special charge, did not require a reversal, where those made in the opening argument were withdrawn, the court instructed that the jury was bound by the special charge the same as by the general charge, and no further instructions on the matter were requested by defendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 316; Dec. Dig. ☞133.]

6. APPEAL AND ERROR ☞263—PRESENTATION BELOW—OBJECTION TO INSTRUCTIONS.

On appeal in a passenger's action for injuries from falling on the steps as she was leaving the station, an objection that an instruction was too broad because it failed to provide that no recovery could be had for such injuries as were due to plaintiff's own negligence subsequent to the injury could not be considered, where this specific defect was not pointed out in the exceptions filed below.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1523, 1525–1532; Dec. Dig. ☞263.]

7. TRIAL ☞296—INSTRUCTIONS—ERROR CURED BY OTHER INSTRUCTIONS.

The failure of a paragraph of the charge in a negligence case to provide that no recovery could be had for such injuries as were due to plaintiff's own negligence subsequent to the injury, if error, was harmless, where the jury was informed in another paragraph that they could not allow plaintiff damages for any condition brought about by her own negligence subsequent to the injury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec.Dig. ☞296.]

8. CARRIERS ☞321 — PASSENGER DEPARTING FROM STATION—INSTRUCTIONS—EVIDENCE.

In view of Rev. St. 1911, art. 6591, fixing not less than one hour as a reasonable time within which passengers may depart from the station after their arrival at their destination, the refusal of an instruction, in a passenger's action for injuries from falling on the steps while she was leaving the station, that the verdict should be for defendant if plaintiff, after alighting from the train, remained in the waiting room for purposes of her own and after all business of the railroad connected with her journey had been entirely finished, was not error, where there was no evidence that more than 30 minutes elapsed between the time she alighted from the train and the accident.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1247, 1326–1336, 1343; Dec. Dig. ☞321.]

9. DAMAGES ☞132 — PERSONAL INJURIES — EXCESSIVE RECOVERY.

A recovery of $18,000 for injuries to a trained nurse, 39 years old, earning $25 a week, besides board, was not excessive, where it appeared that she was partially paralyzed, that one eye was rendered useless, and that she was but a wreck of her former self and almost in a helpless condition.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372–385, 396; Dec. Dig. ☞132.]

Appeal from District Court, Val Verde County; W. C. Douglas, Judge.

Action by C. L. Watts against the Galveston, Harrisburg & San Antonio Railway Company. From judgment for plaintiff, defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, Boggess & Smith, of Del Rio, and W. B. Teagarden, of San Antonio, for appellant. Joseph Jones, Geo. M. Thurmond, and Walter F. Jones, all of Del Rio, for appellee.

MOURSUND, J. Appellee sued appellant to recover damages for personal injuries, charged to have been received on account of falling from the steps of appellant's passenger station at Comstock on August 18, 1914, at 6 o'clock a. m. She alleged that it was dark, and as she was descending the steps she slipped and fell, and her left foot was caught between the boards of the steps, whereby she was injured, as set out in the petition. She alleged that appellant was guilty of four distinct acts of negligence, each of which directly caused, or contributed to cause, her fall and to produce the injuries, viz:

"First. In allowing said steps to become old and worn and unfit, and to be and remain covered with soft mud and small gravel, which caused her foot to slip or roll while she was in the act of stepping down upon them.

"Second. In failing to have a back to said steps, which would have held her foot when she slipped on the step, and have prevented her fall, and would have prevented her foot being caught between said steps.

"Third. In failing to have a hand or side rail on the ends of said steps which would have enabled her to have avoided the fall when her foot slipped.

"Fourth. In failing to have the steps sufficiently lighted to enable her to see where she was stepping, and the condition of the step before using it."

The answer consisted of denials of the material facts alleged, and pleas of contributory negligence before and after the fall, as follows:

"With full knowledge of all the existing and surrounding conditions present at the time she attempted to go down the steps of the station building, she did not act and step and place her feet and walk with such care and caution as a person of ordinary care and prudence would have done, but heedlessly, carelessly, and rapidly walked down the steps, without properly observing where and how she placed her feet, and was negligent and careless in this respect, and in other respects unknown to this defendant, but well known to her, and peculiarly within her knowledge, and because of the said facts and conditions and conduct on plaintiff's part, she assumed the risk of existing conditions, whatever they were, and was guilty of negligence which caused, or at least contributed to, the injuries complained of. Wherefore she ought not to recover."

"Defendant further charges that if, in fact, plaintiff was injured in manner and form as charged, which is not admitted, but is again denied, the injuries were not serious, but were temporary, and with proper care and attention would have been completely healed and cured in a very brief time, but instead of remaining quiet and treating the injury as a person of ordinary care would have done, she at once went to a public gathering and barbecue, and horse races, and walked about, and stood on her feet all day, and then at night went to a dance and danced and exercised, and frequently afterwards walked, and stood, and exercised herself, and failed to give the injury proper care and attention, and thus by her own imprudence and negligence aggravated the trouble, and brought it to its present condition, if in fact injuries now exist, which is not admitted."

These allegations were denied in a supplemental petition. The trial resulted in a verdict and judgment for appellee in the sum of $18,000.

Plaintiff became a passenger upon defendant's train at Del Rio, and got off at Comstock at about 6 o'clock a. m., at which time a "misting rain" was falling and it was still dark. It had only rained enough for it to be a little muddy, just enough to stick to the feet good. Plaintiff entered the depot and remained about 30 minutes. When she left it was still so dark that only the houses could be seen. She went out of the depot at a door opposite the one by which she entered, intending to go to the hotel. The waiting room was lighted by an oil lamp hanging on the wall by the side of and about at the top of the door through which she passed out, which was very dim, and the reflector behind the same cast the light towards the other door. This lamp gave no light upon the steps leading down from the door. These steps were about 6 feet in width, extending about 18 inches on each side of the door. There were four steps, made out of lumber 2 inches thick and probably about 11½·inch-

es wide. The outer edge of each board protruded over the inner edge of the lower board about an inch and a half. The steps had no back boards or banisters. The floor of the building was about 2½ feet from the ground. A considerable number of people had passed in and out over these steps that morning, as that entrance to the depot was on the side on which the greater portion of the town was situated. Mud had accumulated on the steps, and there was some evidence to the effect that the steps were worn, but it failed to show the extent. Plaintiff started down the middle of the steps, and when on the second step she stepped on mud, slipped, and fell down. She testified:

"When I stepped on the first step, when I stepped on the second step, I began to slip; the boys caught at me, I guess; anyway, I fell, and in scrambling, I fell straight back on my back, my foot going through, back of the steps. It had no board on it at the back; it was just old, worn steps; it was caused from mud; they were right slippery from the mud—the steps were. They were old steps; I noticed them that day, afterwards."

On cross-examination she said:

"The step was slippery from mud is what caused me to fall. I know that because it was damp; it was misty and rainy, and it was muddy and slippery; my foot slipped was the cause of it. I was just going down those steps like any one else, just going down the steps, and I was very careful in stepping; yes, sir, I went with my face forward. No; I don't know as I went down the steps sidewise, but as well as I know, that is the way I always walk, right straight down, and of course I wasn't, didn't know that I was going to get hurt, and all this. I just stepped out and stepped off; going right forward is the way I went down the steps; didn't walk down sidewise; didn't put my foot sidewise; I just walked like a person naturally would right down the steps. Yes, sir; and when I got on the second step I felt that slick mud; I am sure it was mud, because I was muddy. Yes, sir; that was what caused me to slip and fall; I am sure that was what caused me to slip and fall, because in slipping I just kept slipping. My foot went through."

Plaintiff also said:

"I had my umbrella in my hands, and it was closed, but I dropped it."

The witness McBee saw no mud on the steps, and did not feel any under his feet. He went down the steps immediately after plaintiff fell. He said:

"It was just about the middle of the steps where I went down, but more, I went more to the west side of the steps."

The witness Gregory also went down the steps immediately after plaintiff fell, and he saw no mud, nor did he feel any under his feet. He gave Miss Whistler the middle of the steps, and he walked to one side. Miss Whistler testified the steps were very muddy; that she saw this as the lightning flashed, and felt the mud under her feet.

The above statement will show the main facts, and upon the issues of negligence pleaded we make the following conclusions of fact:

(1) While there is evidence that the steps were worn, it is not sufficient to show that they were worn to such an extent that the

retention thereof constituted negligence, nor is there any evidence to show that the extent to which they had become worn was a proximate cause of plaintiff's fall.

(2) The evidence fails to show that defendant was guilty of negligence in permitting the mud to be on the steps at the time when plaintiff fell.

(3) The defendant was negligent in not having handrails along the sides of the steps, but the absence thereof did not proximately cause, or contribute to cause, plaintiff's injuries, for she went down the center of the steps, and it does not appear that she tried to use, or could have used, handrails.

(4) The defendant was negligent in failing to have backboards upon the steps; and, while it is impossible to say from the evidence to what extent such failure caused the injuries to plaintiff, it is shown that it was the proximate cause of some injury to her. The evidence fails to show whether her ankle turned when she placed her foot on the mud and slipped, or whether it was wrenched by reason of her foot slipping through the back of the steps, thus causing her weight to be thrown upon such foot and ankle.

(5) The company was negligent in failing to maintain a light which would enable passengers to see the steps as they used them; and, there being evidence from which it could be found that the mud was only in the center of the steps, it is shown that the mud could, and naturally would, have been avoided, and therefore the evidence supports a finding that the failure to maintain such a light was a proximate cause, which concurred with the existence of the mud on the steps and the failure to have backboards on the steps in causing the injuries sustained by plaintiff.

[1] The fourth and fifth conclusions of fact, above stated, are referred to as sufficient ground for holding that the court did not err in his rulings relating to the sufficiency of the evidence to sustain the verdict and judgment. Where a plaintiff alleges, though conjunctively, two or more grounds of negligence which he charges proximately caused, or concurred in causing, his injuries, he is entitled to recover upon proof of either, if it is shown to be the efficient sole cause, or concurring cause, of the injuries complained of. H. & T. C. Ry. v. Easton, 44 Tex. Civ. App. 97, 97 S. W. 833; T. & P. Ry. Co. v. Leakey, 39 Tex. Civ. App. 584, 87 S. W. 1168; G., H. & S. A. Ry. Co. v. Pitts, 42 S. W. 255; Shippers' Co. v. Davidson, 35 Tex. Civ. App. 558, 80 S. W. 1032; G., H. & S. A. Ry. Co. v. Vollrath, 40 Tex. Civ. App. 46, 89 S. W. 279; Pecos & N. T. Ry. v. Finklea, 155 S. W. 613; G., C. & S. F. Ry. Co. v. Boyce, 39 Tex. Civ. App. 195, 87 S. W. 395. Assignments of error Nos. 1 to 7 are overruled.

[2-4] The defendant excepted to the charge prepared by the court, on the ground that there was no evidence justifying the submission of issues relating to the condition of the steps and the absence of a handrail. It is, of course, the province of the trial court to determine, in the first instance, whether there is any evidence to justify the submission of an issue, and if the fact that such decision was favorable to plaintiff was accepted by juries as an intimation from the court of the weight to be given thereto by them, and was given controlling effect, there would be no verdict adverse to the plaintiff, unless a peremptory instruction was given to return a verdict for the defendant. It is therefore evident that, in cases involving several separate grounds of negligence upon any one of which a recovery could be had if the facts sustain such ground, the effect of submitting one or more alleged grounds not supported by evidence in conjunction with those supported by evidence must not be given undue importance. It has been held that when such matters are submitted in the conjunctive a greater burden has been imposed on plaintiff than the law exacts, and defendant cannot complain. H. & T. C. Ry. Co. v. Johnson, 103 Tex. 324, 127 S. W. 539; G., H. & S. A. Ry. Co. v. Fry, 37 Tex. Civ. App. 555, 84 S. W. 664; Dallas Elec. Ry. v. Stone, 166 S. W. 708. We can conceive, however, of cases in which the practice may be carried to such an extreme as to obscure the real issue, and be calculated to induce the belief that the court thinks there is evidence of many wrongful acts on the part of defendant. We think it is unnecessary to decide whether this is such a case. In connection with the exceptions referred to, the defendant filed a further exception to the charge, criticizing it on the ground that it authorized a verdict for plaintiff upon a finding of negligence with reference to any one or all of the grounds enumerated in the petition, whereas the evidence showed as a matter of law that such grounds did not all concur in producing the fall and injuries, or that at least whether or not all concurred was a question for the jury, and this should be explicitly stated to the jury if the case is given to them. The record shows that on the same day defendant requested the court to give a special charge, submitting all of the issues pleaded by plaintiff in the conjunctive, specifically directing their attention to the necessity of finding the existence of each act, that each act constituted negligence, and that each and all concurred in bringing about and proximately caused plaintiff's fall, and that, but for each of said things and all of them combined, her fall and injury would not have occurred, and if they did not so find to return a verdict for defendant. The bill of exceptions to the overruling of the exceptions affords no explanation of the circumstances surrounding the presentation and giving of this charge; and, in view of its being given, the fact that the general charge was along the same lines could not have affected the result of the trial. As the

record is subject to the construction that defendant permitted, if it did not induce, the court to adopt its theory that whether or not all things relied upon concurred should be explicitly stated to the jury, we conclude that assignments Nos. 8, 9, 10, 11, and 13 do not show any error requiring a reversal of the judgment.

The twelfth assignment is overruled, for the reasons given in discussing assignments 8, 9, 10, 11, and 13, and also because we think the evidence justified the submission of the issue regarding the insufficiency of the light.

[5] Complaint is made of certain statements made by counsel for plaintiff in the opening and closing arguments, all of which related to the special charge above referred to, given at defendant's request. These statements were apparently made for the purpose of impressing the jury with the idea that the general charge was to the same effect as the special charge, and that it would be a safer guide to them than the special charge. Upon objection being made, the statements made in the opening argument were withdrawn. Those made in the closing argument were not withdrawn, but the court instructed the jury that defendant had a right to have its language presented to them embodying the law, and if the court did not think it embodied the law, he would not submit it; that the jury is bound by a special charge just the same as by the general charge. The bills of exception, as qualified, show that no request was made by defendant for further instructions to the jury. The argument was improper, but we do not think it was so prejudicial that it would require or justify the reversal of the judgment. It could only be prejudicial to the extent that it might cause the jury not to consider the special charge, and that was a matter which could be corrected by instructions from the court. The court undertook to correct, it, and, no further instructions having been asked, we may assume that defendant was satisfied that the instruction given placed the matter in a proper light before the jury, and removed the injurious effects of the argument as fully as could be done. Assignments Nos. 14 and 15 are overruled, as is also the sixteenth, which relates to a similar matter.

[6, 7] By assignment No. 17 complaint is made of the charge on the measure of damages. The proposition submitted is to the effect that the charge is too broad because it fails to provide that no recovery can be had for such disabilities, etc., as were due to plaintiff's own negligence subsequent to the injury. This specific defect was not pointed out in the exceptions filed in the trial court. In fact the exception relating to this matter was couched in such general language that it did not aid the court in any way. If the court can be charged with error on such general objections, the law requiring exceptions to the charge in advance was enacted in vain. Besides, in another para-

graph the jury was informed that they could not allow plaintiff damages for any conditions that were brought about by her own negligence subsequent to the accident. The assignment is overruled.

[8] By the eighteenth assignment complaint is made of the refusal of the following special charge:

"You are further instructed, gentlemen, that if you find and believe from the facts that after plaintiff alighted from the train and her journey was ended she remained in the waiting room for the hotel to be opened, or for any other purpose of her own, and after all business with the railroad connected with her journey had been entirely finished and attended to, then and after such time the defendant owed no duty to keep the station premises lighted for her benefit, and no duty to exercise ordinary care to keep the premises in safe condition for her; and, should you so find the facts to be, your verdict must be for the defendant."

The evidence shows that plaintiff remained in the waiting room a short time; one witness fixing the time at from 5 to 10 minutes, while most of them estimated it at about 30 minutes. Under the common law, the relation of carrier and passenger existed until after the passenger had alighted and had reasonable time and opportunity to leave the depot. We need not inquire whether the special charge correctly states the law, for by article 6591 (R. S. 1911) the Legislature has arbitrarily fixed not less than one hour as the reasonable time in which departing passengers may acquaint themselves with their surroundings and deliberate upon ways and means of further progress. M., K. & T. Ry. Co. v. Cook, 166 S. W. 453. Assignment No. 18 is overruled; also No. 19, which relates to the same matter.

[9] It is contended that the verdict is excessive; and, considering the nature of the original injuries, it appears to be grossly excessive, but if plaintiff's condition at the time of the trial can be attributed to such injuries, it cannot be said that the verdict is too large. She testified to great suffering and serious injuries, including paralysis of the leg, arm, and side, serious injury to the left eye, rendering it practically useless. Dr. Garrett testified that it was certain plaintiff would never regain her former health, and at what point the invasion of her nervous system would stop could not be told; that it had been gradually getting worse; that she was a wreck of her former self and almost in a helpless condition, being unable to walk. While there was the usual conflict in the medical opinions, there is evidence from which the jury could find that all of these ill effects resulted from the fall, and that plaintiff was not negligent in the manner in which she took care of herself after sustaining the injuries. Whether our conclusions would be the same is immaterial, for it is the province of the jury to pass upon the credibility of the witnesses. Appellee was 39 years old, and was a trained nurse whose earning capacity was $25 a

week, besides board. We conclude that it cannot be said that the verdict is excessive.
The judgment is affirmed.